## McGOUGH v. STATE.

### Opinion delivered June 1, 1914.

1. CRIMINAL LAW—JUROR—COMPETENCY—PRECONCEIVED OPINION.—The entertainment of preconceived opinions about the merits of a criminal case renders a juror *prima facie* incompetent.   (Page 304.)

2. CRIMINAL LAW—JUROR—OPINION—RUMOR.—If a juror's opinion is founded upon rumor, and is not of a nature to influence his verdict, his disqualification is removed.   (Page 304.)

3. CRIMINAL LAW—JUROR—OPINION—COMPETENCY.—A juror must stand disinterested between the parties to the litigation, and be able to make up his verdict solely on the law and evidence; and if he can not do this, he is not a competent juror, and it is immaterial what the cause may be, which prevents him from so doing.   (Page 304.)

4. CRIMINAL PROCEDURE—CHALLENGES.—The court in its discretion may permit the State or the defendant to exercise peremptory challenges after having accepted a juror; but an election by the State to challenge a juror, after his acceptance by both parties, must be exercised before the defendant has exhausted his challenges, and it can not thereafter be done.   (Page 305.)

5. HOMICIDE—LESSER CRIME—HARMLESS ERROR.—Where defendant is convicted of a lesser degree of homicide than the evidence warranted, he can not complain of the verdict.   (Page 305.)

Appeal from Drew Circuit Court; *James R. Cotham,* Special Judge; reversed.

### STATEMENT BY THE COURT.

Marvin McGough appealed from a conviction for manslaughter in the Drew County Circuit Court, on an indictment for murder in the first degree, alleged to have been committed by killing one Guy Ferguson with a gun.

Upon the trial one A. J. Wells was examined touching his qualifications as a juror, and after having been

asked various questions by both the prosecuting attorney and the attorney for the defendant, the court was evidently in doubt about the qualifications of this juror, and thereupon the court propounded the following questions:

Q.   I will ask you this question:   If you are selected on this jury to try this case, would you decide the case on the law given by the court, and the evidence detailed by the witnesses on the stand, regardless of any preconceived ideas you may have?

A.   If I could do it, I would.

Q.   From the law and the evidence?

A.   I don't know sir; this prejudice stays with a fellow sometimes.

*The Court:*   I will hold this juror qualified.

*Defendant's Attorney:*   You say that opinion is fixed on your mind, and you think that it would go through with you and influence you in the trial of the case?

A.   Yes, sir.

The defendant excepted to the action of the court in holding the juror qualified, and challenged him peremptorily.

One Frank Henry was also examined at some length touching his qualifications to serve as a juror, and, when finally the defendant submitted to the court the question of the juror's qualification, the court asked the following questions:

Q.   Could you go in the jury box and decide this case from the law given you by the court, and the evidence detailed by the witnesses, and give the State and the defendant the same benefit that you would if you had never heard of the case before?

A.   No, sir; I wouldn't.

Q.   You are prejudiced?

A.   No, sir; but from what I have heard, I have formed an opinion about it, and couldn't change that.

Q.   You formed that opinion solely from rumor?

A.   Yes, sir; what they said the coroner said about the case.

Q.   That is how you formed your opinion about the case—from what somebody told you that the coroner told them about the case?

A.   Yes, sir.

This juror was held competent, and was challenged peremptorily by the defendant, and exceptions were saved to the court's action in holding him qualified.

After the defendant had exhausted all of his peremptory challenges, the prosecuting attorney was permitted, over the objection of the defendant, to excuse three jurors who had been previously accepted by both sides, and thereafter the court held three other jurors competent, and the defendant undertook to challenge them, but was not permitted to do so, because he had already exhausted all of his challenges.

The court in its instructions defined the various degrees of homicide, and this was done over the objections of the defendant, who contended that under the evidence he was guilty of either murder in the first degree or was not guilty of any crime.

The proof upon the part of the defendant tended to show that bad blood had existed between the defendant and deceased for some time, and that deceased had threatened to kill the defendant, although the threats had never been communicated.   The evidence upon the part of the defendant was to the effect that he and the deceased had disagreed about the use of a wagon owned by the defendant, and had quarreled about the wagon, and that each called the other a liar, and used other offensive language, whereupon the deceased stated he would go home and get his gun and return and kill the defendant, when the defendant shot him to prevent this from being done.

*Jas. C. Knox* and *Williamson & Williamson,* for appellant.

1.   Defendant was guilty of first degree murder or nothing.   It was error to charge as to the lower degrees. 102 Ark. 180.

2. The jurors, Wells and Henry, were not competent. 47 Ark. 180-5; 66 *Id.* 53; 69 *Id.* 322; *Ib.* 449; 91 *Id.* 582; 45 *Id.* 165; 56 *Id.* 402. Defendant was prejudiced by the ruling as to these jurors. 98 Ark. 327; 102 *Id.* 180. His challenges were exhausted and he was deprived of a fair and impartial trial. Cases, *supra.*

*Wm. L. Moose,* Attorney General, and *Jno. P. Streepey,* Assistant, for appellee.

1. The jurors were competent and no prejudice resulted. 66 Ark. 63; 79 *Id.* 127.

2. It is within the court's discretion to permit the State to challenge jurors after they have been examined and accepted by both sides. 70 Ark. 337; 81 *Id.* 589, 590.

Smith, J., (after stating the facts). We think the jurors, Wells and Henry, were disqualified, because of the state of their feelings toward the appellant, as shown by the answers given by them upon their examination by the court. Numerous cases have discussed the competency of jurors, and the effect of these cases is that the entertainment of preconceived opinions about the merits of a criminal case renders a juror *prima facie* incompetent. But, if it is shown that the opinion was founded on rumor, and is not of a nature to influence his verdict, this disqualification is removed. *Sneed* v. *State,* 47 Ark. 180; *Decker* v. *State,* 85 Ark. 64. But while it is true that an opinion based on mere rumor does not disqualify a juror, provided the juror can say upon his oath that he can and will disregard such opinion, and will try the case solely upon the law and evidence, it can not be said, however, that an opinion based upon a rumor can not disqualify. The juror is supposed to stand disinterested between the parties to the litigation, and to be able to make up his verdict solely on the law and evidence; and if he can not do this, he is not a competent juror, and it is immaterial what the cause may be which prevents him from doing so. One might be so impressed with a rumor as to form an opinion which he would be unable to disregard, and which would enter into his deliberations and conclusions upon the case, and in such cases the juror is dis-

qualified, and we conclude, therefore, that these jurors were disqualified, and the court erred in holding that they were not.

The defendant exhausted all of his challenges, and after he had done so the State was permitted, over his objection, to challenge three of the jurors who had been previously selected. It has been held that the court may, in its discretion, permit the State or the defendant to exercise peremptory challenges after having accepted a juror; but it has also been held that an election by the State to challenge a juror, after his acceptance by both parties, must be exercised before the defendant has exhausted his challenges, and it can not thereafter be done. *Williams* v. *State,* 63 Ark. 527.

The action of the court in permitting the State to challenge the jurors, after appellant had exhausted his challenges, was error, calling for the reversal of the case.

It may be true that appellant was guilty of either murder in the first degree, or that he was not guilty of any crime at all. But the deceased was the only witness to the killing, and we can not know what part of his story was accepted by the jury, nor what parts were rejected. While the jury under the evidence might have found the appellant guilty of a higher degree of homicide than it did, he can not complain of their failure to do so. *Roberts* v. *State,* 96 Ark. 58.

For the errors indicated, the judgment of the court below will be reversed, and the case remanded for a new trial.