OWENS *v.* STATE.

Opinion delivered December 21, 1925.

1. HOMICIDE—SELF-DEFENSE QUESTION FOR JURY.—Where evidence was conflicting as to whether defendant shot deceased in self-defense, a question for the jury was presented.

2. HOMICIDE—HARMLESS ERROR.—In a prosecution for murder where defendant offered testimony to show deceased's bad reputation, but did not put his own reputation in issue, it was error for the State to attack defendant's reputation, but such error was harmless where the witness who was interrogated as to defendant's reputation answered that he had never heard anything brought against defendant.

3. HOMICIDE—EVIDENCE OF THREAT.—In a prosecution for murder, testimony of deceased's wife that defendant and deceased had had a quarrel about a letter she had written, and that defendant had threatened to her that he would kill deceased was admissible to show the state of feeling between defendant and deceased.

4. CRIMINAL LAW—OBJECTION TO EVIDENCE.—In a murder trial, where deceased's wife testified that accused and deceased had a quarrel, and that accused came to her house in deceased's absence and threatened to kill him, error assigned in the motion for new trial that the State was permitted to put accused's character in issue was insufficient to call the court's attention to any error in admitting this testimony as tending to show accused's character, as it was not admitted for that purpose.

5. HOMICIDE—ADMISSIBILITY OF EVIDENCE TO DETERMINE AGGRESSOR.—In a prosecution for murder, a question asked of defendant as to why he was carrying his gun and about some trouble he had had with another party was proper upon the issue as to who was the aggressor in the affair.

6. CRIMINAL LAW—WAIVER OF EXCEPTION.—An exception to an instruction which was not carried forward in the motion for new trial will not be considered.

7. HOMICIDE—INSTRUCTION AS TO INVOLUNTARY MANSLAUGHTER.—In a prosecution for murder, where the testimony would have supported a conviction for a higher degree of homicide, it was not prejudicial error to instruct as to involuntary manslaughter where there was also evidence tending to show carelessness or recklessness on defendant's part in engaging in the fatal encounter.

Appeal from Yell Circuit Court, Danville District; *J. T. Bullock,* Judge; affirmed.

*J. W. Wilson,* for appellant.

H. W. Applegate, Attorney General, and John L. Carter, Assistant, for appellee.

SMITH, J. Appellant was indicted for murder in the first degree, alleged to have been committed by shooting Jess Allen. He was convicted of involuntary manslaughter, and has appealed. One of the assignments of error is that the testimony shows indisputably that the killing was done by appellant in his necessary self-defense, and that it was therefore error to convict him of any degree of homicide

The testimony shows that bad blood existed between appellant and deceased, and mutual threats of violence had been made by each against the other. The testimony on the part of appellant is to the following effect: At the time of the killing defendant was in a wagon, driven by a man named Long, and as they were driving along the road deceased was seen in his field with a gun on his shoulder walking towards the wagon. At defendant's request Long whipped up the team, and drove by deceased before deceased could reach the road. The men in the wagon drove on by deceased, and discharged their errand, but on their return they found deceased walking slowly in the road ahead of them. The team was slowed up to allow deceased to keep ahead, but he also slowed up, and was seen to walk across the road. Finally the wagon overtook deceased, and as it did so deceased put his gun to his shoulder, and when appellant saw this he jumped out of the wagon with his gun in his hand, and as he did so deceased fired his gun, and a few of the shot struck appellant, but did him no great damage, as the shot were bird shot. Appellant was armed with a repeating shotgun, which required only pressure on the trigger to fire it, and he fired three shots in rapid succession, the third of which struck deceased and killed him. Deceased was armed with a double-barrel shotgun, both barrels of which were fired.

Two women testified in the case, however. They knew there was ill feeling between the men, and when they saw them meet in the road they expected there

would be trouble, as both men were armed with guns, and these women testified that, while the men were three hundred yards from them and they could not see distinctly what happened, they did see appellant jump out of the wagon and advance on deceased before the firing began. That appellant stopped as if he was going to shoot, and then advanced again before firing. The testimony on the part of appellant contradicts the testimony of these women, but this conflict made a question for the jury, and, if the testimony of these women is credited, the encounter was practically a duel without the usual preliminaries; and, if this is true, a conviction for a higher degree of homicide would be supported.

It is assigned as error that the court erred in permitting the State to introduce evidence putting in issue the character of appellant, over his objection. Appellant offered testimony tending to show the bad reputation of deceased, but did not put his own reputation in issue. It was not proper, therefore, for the State to offer original and affirmative testimony tending to show appellant's reputation. We do not think, however, this rule was offended against in a prejudicial way. The prosecuting attorney did ask a witness for appellant what appellant's reputation was. The objection to this question should have been sustained, as appellant had not put his reputation in issue, but the witness answered, "Well, I have never heard anything brought against him." This incompetent testimony did not tend to show that appellant's reputation was bad, and we conclude, therefore, that there was no prejudice to appellant, although the testimony was incompetent.

Dealing with this same assignment of error, it may be further said that the wife of deceased testified that there was bad feeling between her husband and appellant about some whiskey or cows. Concerning this trouble about the whiskey, the witness was asked if she had written a letter to the prohibition officers about appellant, and she answered that she had. Upon objection being made to this question, the court ruled that the

witness could not state the details of this letter, but could answer whether appellant and her husband "had a row about a letter," and to this ruling an exception was saved. The witness then answered that appellant and her husband did have a row, and that the quarrel occurred after the letter had been written, although she did not know whether they quarreled about the letter. But she stated that, after the letter was written, appellant came to her house in her husband's absence, and threatened to kill him.

This testimony was obviously offered for the purpose of showing what the men had quarreled about and the state of feeling between them, and was admissible for this purpose. Moreover, the error assigned in the motion for a new trial, that is, that the State was permitted to put the character of defendant in issue, was not sufficiently specific to call to the court's attention any error there may have been in the admission of this testimony as tending to show the character of appellant, as it was not admitted for that purpose.

Defendant was asked on his cross-examination why he was carrying his gun around with him and about some trouble he had had with another party. Counsel for appellant asked that the jury be instructed that this testimony should be considered for the purpose only of affecting appellant's credibility as a witness. The court properly refused to limit the testimony to this purpose. It was a proper circumstance for the jury to consider in determining who was the aggressor in the fatal difficulty.

An exception was saved to an instruction numbered 24, but it does not appear that the giving of this instruction was assigned as error in the moton for a new trial.

It is finally insisted that the court erred in charging the jury on the law of involuntary manslaughter. Inasmuch as the testimony would have supported a conviction for a higher degree of homicide, there was no prejudicial error in giving this instruction. The jury might have found, in view of the testimony of the two women, that appellant brought on the difficulty by jump-

ing out of the wagon and advancing on deceased; at any rate, that he was careless and reckless in so doing. *Roberts* v. *State,* 96 Ark. 58; *Jones* v. *State,* 161 Ark. 242; *Johnson* v. *State,* 156 Ark. 459; *Freeman* v. *State,* 150 Ark. 387; *Webb* v. *State,* 150 Ark. 75; *Lasater* v. *State,* 133 Ark. 373; *McGough* v. *State,* 113 Ark. 301; *Bruce* v. *State,* 68 Ark. 310; *Scott* v. *State,* 75 Ark. 142; *Ringer* v. *State,* 74 Ark. 262.

There was, therefore, no prejudice in giving this instruction.

Finding no prejudicial error in the record, the judgment must be affirmed, and it is so ordered.