The primary issue presented on this appeal is whether a minor, allegedly injured while a patient in a city-operated hospital, is required to file a notice of claim with the City within six months, and, if so, whether that requirement denies equal protection of the law.
Plaintiff/appellant Phillip Neil Parton was born prematurely. While in the City-operated Huntsville Hospital, he claims that he suffered total blindness in one eye, and partial blindness in the other eye, because of the negligence of one of the hospital's nurses. He sued the City of Huntsville to recover for his alleged injury.
The City of Huntsville moved for summary judgment in its favor claiming that the plaintiff failed to comply with Alabama's notice of claim statutes. Sections 11-47-23 and -192, Code of Alabama 1975.[1] The trial *Page 900 
court granted the motion and dismissed the claim against the City, with prejudice. This appeal followed.
Our "notice of claims" statutes require that all claims against a municipality "for damages growing out of torts shall be presented within six months from the accrual thereof or shall be barred." Section 11-47-23. Section 11-47-192 requires that a sworn statement must be filed with the clerk, stating substantially the manner in which the injury was received, the day and time, and the place where the accident occurred, and the damages claimed.
The issue presented here for our review is not the sufficiency or timeliness of the notice filed by the plaintiff, since the record shows, without contradiction, that no claim was filed with the clerk-treasurer of the City of Huntsville until March 9, 1978, or nearly 24 months after the allegedly negligent injury occurred. Parton claims he was not required to file his claim within six months. He attacks the notice of claim statutes frontally, arguing: (1) that the statutes deny equal protection of the law to those plaintiffs negligently injured by a municipality; (2) that the statutes deny due process to a minor who is unable to comply with them; and (3) that section 6-5-482 (b) of the Code of Alabama (1975), which gives a minor additional time to file a malpractice suit, should be construed to extend the time during which a minor may comply with the notice of claims statutes when his injuries accrued as a result of negligence committed by a municipality prior to his fourth birthday. We will address each of the above contentions in the order in which they are presented.
 I EQUAL PROTECTION
Appellant cites to us cases in which four of our sister states have struck down notice of claims statutes similar to our own upon equal protection grounds. Reich v. State HighwayDepartment, 386 Mich. 617, 194 N.W.2d 700 (1972); Turner v.Staggs, 89 Nev. 230, 510 P.2d 879, cert. denied, 414 U.S. 1079,94 S.Ct. 598, 38 L.Ed.2d 486 (1973); Hunter v. North Mason HighSchool, 85 Wn.2d 810, 539 P.2d 845 (1975); O'Neil v. City ofParkersburg, 237 S.E.2d 504 (W.Va. 1977).
Admittedly, the courts in those states, construing statutes abolishing governmental immunity, found that the legislature of each state had intended to put all tortfeasors on an equal footing; therefore, each court found that the diverse treatment of private tortfeasors and government tortfeasors was arbitrary and unrelated to the purpose of the legislation. We fail to find that Alabama's legislative scheme to eliminate the defense of governmental immunity in certain areas gave to an injured claimant an unconditional right to sue. In fact, legislative intent is to the contrary; included in the overall scheme where conditions, limitations, and requirements on the part of the injured claimant. In short, the Alabama legislature created aconditional right to sue in limited circumstances. Cf. Jacksonv. City of Florence, 294 Ala. 592, 320 So.2d 68 (1975).
We are constrained to hold that Alabama's statutory scheme is to create liability in limited circumstances, and that the *Page 901 
notice requirements of sections 11-47-23 and -192 are integral parts of that scheme.
The legislature has a wide discretion to enact laws which affect some groups of citizens differently than others. A statutory discrimination will not be set aside if any state of facts reasonably may be conceived to justify it. McGowan v.Maryland, 366 U.S. 420, 81 S.Ct. 1101, 6 L.Ed.2d 393 (1961). Among the purposes of the notice statutes is to enable the municipality to investigate and determine the merits of the claim and to adjust claims without the expense of litigation if the circumstances warrant. Hunnicutt v. City of Tuscaloosa, Ala., 337 So.2d 346 (1976); City of Anniston v. Rosser,275 Ala. 659, 158 So.2d 99 (1963); City of Florala v. Presley,47 Ala. App. 94, 251 So.2d 226, cert. denied, 287 Ala. 727,251 So.2d 229 (1971). These purposes are reasonable and therefore do not constitute an arbitrary and unconstitutional exercise of legislative power.
All persons injured through the negligence of a city or town have been granted the right to bring suit. Section 11-47-190, Code of Alabama, Jackson v. City of Florence, supra. The limitations upon this right, when uniformly and equally applied, are constitutional. Parker v. Jefferson CountyCommission, Ala., 347 So.2d 1321 (1977).
 II APPLICATION TO A MINOR
Appellant further argues that the notice of claims statutes deny due process of law to a minor who is unable to comply with these statutes. He contends, in substance, that it is impossible for a minor under the age of 1 to comply with the notice provisions.
While it is true that the courts of many states have held that a notice requirement does not apply to minors unable to give notice, "many courts, probably a majority, adhere to the view that, unless the statute expressly so provides, the infancy of the claimant is no excuse for failure to give notice within the time prescribed." 18 McQuillin, Municipal Corporations § 53.149 (3rd ed. 1977).
Alabama can be counted in this putative majority. In City ofBirmingham v. Weston, 233 Ala. 563, 172 So. 643 (1937), this Court considered a statute very similar to those at hand. There it was observed:
 ". . . [T]he act now before us contains no exemption in favor of minors or persons mentally or physically incapacitated to give the notice. It applies to all persons alike unless this court shall write into it such an exception, which, under the guise of judicial interpretation, we do not feel warranted in doing. To do so would be legislation not interpretation." Id. at 567, 172 So. at 646. See also Dixon v. City of Mobile, 280 Ala. 419, 194 So.2d 825 (1967).
Neither section 11-47-23 nor section 11-47-192 contains exemptions for minors. On the other hand, this Court has held that filing of the required statement by a parent on behalf of the injured minor was sufficient compliance. McDougal v. Cityof Birmingham, 219 Ala. 686, 123 So. 83 (1929), City ofHuntsville v. Phillips, 191 Ala. 524, 67 So. 664 (1914). Here, the parent's attempted compliance came several months too late. We find no violation of the due process requirements of the United States Constitution.
 III APPLICATION OF SECTION 6-5-482 (b), CODE OF ALABAMA 1975
The Alabama legislature enacted section 6-5-482 of the Code of Alabama during its 1975 general session. Paragraph (b) expressly provides that a minor could wait until his eighth birthday to commence a medical malpractice suit, if he was under four years of age when the complained-of negligence occurred.
Appellant contends that the legislature surely intended to amend section 11-47-23 (notice of claims) so as to allow a minor the extra time given under the provisions of § 6-5-482
(b) to file his notice of *Page 902 
claim; in short, he argues that the medical malpractice statute of limitation and the notice of claims statute should be considered in pari materia. We disagree. The two statutes are unrelated and we feel that the pari materia doctrine has no bearing. 2A Sands, Statutes and Statutory Construction, § 51.01et seq. (4th ed. 1973). What appellant would have us do is, in effect, graft the extended time period of the statute of limitations [§ 6-5-482 (b)] onto the "notice of claims" statute, [§ 11-47-23]. We decline to do this. Based upon the foregoing reasons, we affirm the grant of summary judgment.
AFFIRMED.
TORBERT, C.J., and JONES, SHORES and BEATTY, JJ., concur.
[1] These sections provide:
 "LIMITATION PERIODS FOR PRESENTATION OF CLAIMS AGAINST MUNICIPALITIES.
 All claims against the municipality (except bonds and interest coupons and claims for damages) shall be presented to the clerk for payment within two years from the accrual of said claim or shall be barred. Claims for damages growing out of torts shall be presented within six months from the accrual thereof or shall be barred. (Code 1907, § 1191; Code 1923, § 1907; Code 1940, T. 37, § 476.)
* * * * * *
 § 11-47-192. FILING OF STATEMENT AS TO MANNER OF INJURY, DAMAGES CLAIMED, ETC.
 No recovery shall be had against any city or town on a claim for personal injury received, unless a sworn statement be filed with the clerk by the party injured or his personal representative in case of his death stating substantially the manner in which the injury was received, the day and time and the place where the accident occurred and the damages claimed. (Code 1907, § 1275; Code 1923, § 2031; Code 1940, T. 37, § 504.)"