52

Charles O. WEST *v.* STATE of Arkansas

CR 78-176                                     576 S.W. 2d 718

Opinion delivered February 12, 1979
(Division II)

*Vincent E. Skillman, Jr.,* of *Skillman & Durrett,* for appellant.

*Bill Clinton,* Atty. Gen., by: *Jesse L. Kearney,* Asst. Atty. Gen., for appellee.

FRANK HOLT, Justice. The jury found appellant guilty of manslaughter and his punishment was assessed at 5 years in the Arkansas Department of Correction. Appellant contends for reversal that the trial court erred in permitting the prosecuting attorney to inquire of a defense witness about the character of the appellant.

Cross-examination of this defense witness reflects:

Prosecutor: Q. Have you ever known him to be involved in any violence?

Defense Atty: Your Honor, I object to that.

Prosecutor: Now, your Honor, Mr. Wilson has put the character of the deceased in issue, and I think it is only fair at this point that I question any witness as to the character of the defendant as far as his reputation for quiet and peacefulness, or his reputation for violence.

The court: Objection overruled.

Upon further cross-examination, the state was permitted to show that appellant had shot and killed an individual about 4 years previously although the record reflects he was exonerated. Appellant argues this was prejudicial error since his witness never testified as to his character and reputation.

However, the state argues that the appellant's character, as a peaceful man, had indirectly been put in issue when this and other witnesses testified that appellant had attempted to avoid confrontations or altercations whenever the decedent made threats against him. Appellee asserts the permitted cross-examination was pertinent to the issue of appellant's peaceable nature or non-aggression. Therefore, the prosecution was entitled to rebut it by the recited cross-examination, citing Ark. Stat. Ann. § 28-1001, Rule 404 (a) (1) (Supp. 1977).

Rule 404 (a) provides:

Evidence of a person's character or a trait of his character is not admissible for the purpose of proving that he acted in conformity therewith on a particular occasion, except:

(1) Evidence of a pertinent trait of his character offered by an accused, or by the prosecution to rebut the same: .
. . .

This rule of evidence is an identical counterpart of the Federal Rules of Procedure. We hold the cross-examination here is not within the scope and meaning of this rule of evidence since the appellant did not place his character in issue. See *U.S.* v. *Bledsoe,* 531 F. 2d 888 (8th Cir. 1976), and 2 Weinstein's Evidence, Rules 404[05], p. 404-32, and 404[01], p. 404-11.

Appellee also justifies this cross-examination by arguing that appellant's peaceful character was an essential element to his plea of self-defense (non-aggression) and, accordingly, proof could be adduced on cross-examination as to specific instances of his conduct under Ark. Stat. Ann. § 28-1001, Rule 405 (b), which reads:

> In cases in which character or a trait of character of a person is an essential element of a charge, claim, or defense, proof may also be made of specific instances of his conduct.

To be an "essential element," "[t]he trait of character must be an operative fact which under substantive law determines the rights and liabilities of the parties." *McClellan* v. *State,* 264 Ark. 223, 570 S.W. 2d 278 (1978). Here we do not consider the peaceful nature of appellant to be an essential element of a direct substantive issue.

Pertinent to the issue here is *Owens* v. *State,* 169 Ark. 1188, 278 S.W. 3 (1925), where we said:

> Appellant offered testimony tending to show the bad reputation of deceased, but did not put his own reputation in issue. It was not proper, therefore, for the State to offer original and affirmative testimony tending to show appellant's reputation . . . . The prosecuting attorney did ask a witness for appellant what appellant's reputation was. The objection to this question should have been sustained, as appellant had not put his reputation in issue . . . .

Here the appellant's character and reputation were never placed in issue. We cannot say with certainty that the cross-

examination of his defense witnesses as to appellant's character and reputation did not have a prejudicial impact upon the jury.

We have carefully considered appellant's other contentions and find no merit in them. For the error indicated, the judgment is reversed and the cause remanded.

Reversed and remanded.

We agree: HARRIS, C.J., and FOGLEMAN and HICKMAN, JJ.