**Albert T. EHLERS, Plaintiff-Appellant,**

v.

**CITY OF DECATUR, GEORGIA,
Defendant-Appellee.**

No. 78–2020.

United States Court of Appeals,
Fifth Circuit.

March 19, 1980.

Albert T. Ehlers, pro se.

Thomas O. Davis, Decatur, Ga., H. A. Stephens, Jr., Atlanta, Ga., for defendant-appellee.

Before GODBOLD, GARZA and RANDALL, Circuit Judges.

GODBOLD, Circuit Judge:

In 1975 appellant Ehlers placed a "For Rent" sign on his property in Decatur, Georgia, in violation of a city ordinance that prohibited such signs. Decatur police removed the sign, and in 1977 Ehlers brought this suit for damages under 42 U.S.C. § 1983. He alleged that the ordinance deprived him of various constitutional rights and that he had been unable to rent his property as a result of the city's action.[1] The district court granted summary judgment for the city on the ground that Ehlers had not complied with Georgia's ante-litem notice statute, Ga.Code Ann. § 69–308, and Ehlers appeals.

The anti-litem notice statute[2] provides that in order to bring a suit for damages[3] against a municipality the plaintiff must first present the underlying claim, in writing, to the municipality. The claim must be presented within six months of the events on which it is based. The municipality must act on the claim within 30 days. Because Ehlers did not allege in his complaint that he had complied with the statute, his claim is barred under Georgia law if the ante-litem notice requirement is constitutionally valid. *Thompson v. City of Atlanta*, 219 Ga. 190, 132 S.E.2d 188 (1963). We turn then to the constitutional question.

In a § 1983 action a federal court looks to state law for the appropriate limitations period. *Prince v. Wallace*, 568 F.2d 1176 (5th Cir. 1978); *Donaldson v. O'Connor*, 493 F.2d 507 (5th Cir. 1974), *vacated and remanded on other grounds*, 422 U.S. 563, 95 S.Ct. 2486, 45 L.Ed.2d 396 (1975). The district court interpreted § 69–308 as a

---

1. Shortly before Ehlers brought suit the Supreme Court unanimously declared a similar ordinance to be an unconstitutional infringement of First Amendment rights. *Linmark Associates, Inc. v. Willingboro*, 431 U.S. 85, 97 S.Ct. 1614, 52 L.Ed.2d 155 (1977).

2. Ga.Code Ann. § 69–308 provides in full:

   No person, firm or corporation, having a claim for money damages against any municipal corporation on account of injuries to person or property, shall bring any suit at law or equity against said municipal corporation for the same, without first, and within six months of the happening of the event upon which such claim is predicated, presenting in writing such claim to the governing authority of said municipality for adjustment, stating the time, place, and extent of such injury, as nearly as practicable, and the negligence which caused the same, and no such suit shall be entertained by the courts against such municipality until the cause of action therein shall have been first presented to said governing authority for adjustment: Provided, that upon the presentation of such claim said governing authority shall consider and act upon the same within 30 days from said presentation, and that the action of said governing authority, unless it results in the settlement thereof, shall in no sense be a bar to a suit therefor in the courts: Provided, that the running of the statute of limitations shall be suspended during the time that the demand for payment is pending before such authorities without action on their part.

3. A litigant seeking injunctive relief is not bound by the requirements of the statute. *Thompson v. City of Atlanta*, 219 Ga. 190, 132 S.E.2d 188 (1963).

statute of limitations and held that Ehlers' failure to give notice was an absolute bar to his suit against the city.

The ante-litem notice provision, however, is more than a statute of limitations. A statute of limitations is "a statute of repose, designed to compel suit within a reasonable time . . . ." *Dedmon v. Falls Products Inc.*, 299 F.2d 173, 178 (5th Cir. 1962). The statute at issue here consists of both a time limitation and a requirement of exhaustion of administrative remedies. *See City of Atlanta v. Barrett*, 102 Ga.App. 469, 116 S.E.2d 654, 657 (1960). A litigant, however promptly he acts, is prevented from bringing suit unless he has notified the municipality of his intention to do so. Moreover, once he provides the requisite notice, he must still postpone his suit until either the municipality acts on his claim or 30 days elapses. *Saunders v. City of Fitzgerald*, 113 Ga. 619, 38 S.E. 978 (1901). This is not a jurisdictional prerequisite but an explicit requirement of exhaustion of remedies. *See Paine v. Baker*, 595 F.2d 197 (4th Cir. 1979).

Federal courts may not require exhaustion of state administrative or judicial remedies in a § 1983 action for damages for deprivation of a constitutional right. *Monroe v. Pape*, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961); *Wells Fargo Armored Serv. Corp. v. Georgia Public Serv. Comm'n*, 547 F.2d 938, 939–940 n.1 (5th Cir. 1977); *Bryant v. Potts*, 528 F.2d 621 (5th Cir. 1976). States may not statutorily burden access to the federal courts with requirements federal courts themselves are prohibited from imposing. U.S.Const. art. VI, cl. 2 (Supremacy Clause). *Contrast De Almanza v. Laredo Water Works Syst.*, 582 F.2d 970 (5th Cir. 1978) (ante-litem notice constitutional as applied to state law claim in diversity suit). Georgia's ante-litem notice requirement therefore may not constitutionally be applied to this § 1983 action for damages for deprivation of a constitutional right.

REVERSED and REMANDED.