FAULKNER, Justice.
This is an appeal from a motion dismissing this case in favor of defendant, City of Northport. Plaintiffs, four Tuscaloosa County businessmen, owned a parcel of land in Northport. The land had been zoned RG-2 (multi-family) in October 1978. At the time of the re-zoning, plaintiffs were told by the Planning and Zoning Board of Northport that in computing “net site acre,” the plaintiffs could utilize the area of land contained in the Alabama Power Company easement across the property. “Net site acre” means roughly the amount of land which can be used to determine the maximum number of units which can be built on a piece of property.
In August 1980, plaintiffs entered into a contract to sell their property to a developer. The sales agreement was conditioned upon the representation by plaintiffs that a building permit to construct seventy-six multi-family housing units on the property could be obtained.
On October 6, the owners of a nearby apartment complex filed a petition with the Northport Zoning Board of Adjustment claiming that the subject property should contain only sixty-eight units because the Alabama Power Company easement should be excluded from the “net site acre” figure. In response to the petition, the Zoning Board of Adjustment defined a “net site acre” as excluding easements, ruling thereby that only sixty-eight units could be built *1121 on plaintiffs’ property. Plaintiffs thereafter filed a petition for a variance from the ruling, which was denied on October 23, 1980. In February 1981, the loan for the construction project was closed.
Plaintiffs filed their complaint against the City of Northport on May 21, 1981. They alleged that the actions of the North-port Zoning Board of Adjustment were vio-lative of 42 U.S.C. § 1983, the Fourteenth Amendment to the United States Constitution and Article I, § 6, of the Alabama Constitution. Plaintiffs sought $14,909.72 actual damages, $30,000.00 punitive damages and attorney’s fees.
The City of Northport moved to dismiss the lawsuit on the grounds that the action was barred in that no claim was filed within six months as required by § 11-47-23, Code 1975. The trial court granted the City of Northport’s motion to dismiss. We affirm.
Two issues are raised on appeal:
(1) Whether the six months notice requirement of § 11-47-23, Code 1975, can be used to defeat a claim under 42 U.S.C. § 1983.
(2) Whether plaintiffs’ cause of action accrued in October 1980 or February 1981.
We will address the six months’ notice requirement first. It is well established that in a § 1983 action, the courts must look to state law for the applicable statute of limitations. Rubin v. O’Koren, 644 F.2d 1023 (5th Cir.1981). Since the defendant is a municipality, the applicable Alabama statute of limitations is § 11-47-23, Code 1975.
Section 11 — 47-23 states:
“All claims against the municipality (except bonds and interest coupons and claims for damages) shall be presented to the clerk for payment within two years from the accrual of said claim or shall be barred. Claims for damages growing out of torts shall be presented within six months from the accrual thereof or shall be barred.”
Plaintiffs contend that the trial court incorrectly ruled that this action is barred by § 11-47-23, Code 1975. Plaintiffs aver that this case is governed by Ehlers v. City of Decatur, 614 F.2d 54 (5th Cir.1980), a suit for damages under 42 U.S.C. § 1983 against the city of Decatur, Georgia. The plaintiff in Ehlers did not file a claim with the city within six months of the events giving rise to the claim, as required under Ga.Code Ann. § 69-508, Georgia’s anti-litem notice provision. The Ehl-ers court, however, read the Georgia statute as an exhaustion of remedies requirement, not as a statute of limitations. The Ehlers court stated, “Federal Courts may not require exhaustion of state administrative or judicial remedies in a § 1983 action for damages for deprivation of a constitutional right.” 614 F.2d at 56. Id.
The City of Northport states that the Ehlers case is easily distinguished from this cause. Georgia’s anti-litem notice provision was held by the Ehlers court to be “more than a statute of limitations.” Id. at 56. The City of Northport claims that it was the “more” that caused the statute to be held unconstitutional and not the fact that it imposed a time limitation. Section 11-47-23, Code 1975, according to the City of Northport,, is only a limitation without “more.”
We agree with the City of Northport that Alabama’s statute' is different from the Georgia statute under consideration in Ehl-ers. Section 11 — 47-23 does not require that an injured party give notice directly to the City before filing suit; rather this section has been construed to allow the filing of suit within the six-month period to be notice to the city. Hamilton v. City of Anni-ston, 268 Ala. 559,109 So.2d 728 (1959). An additional difference is that the Georgia statute requires affirmative action on behalf of the municipal body and is a bar until such notice is given. Alabama’s statute does not require such affirmative action. The only requirement is that suit be filed within the six months allowed by the statute of limitations. We are of the opinion that § 11-47-23 does not establish any constitutional barriers, such as the exhaustion *1122 of administrative remedies to plaintiffs’ filing their § 1983 action. Therefore, Ehlers is not controlling in this cause.
The second issue on appeal concerns when the plaintiffs’ cause of action accrued. Plaintiffs aver that they did not sustain any economic loss until February 1981, when the loan for the construction project was closed. However, this Court finds that plaintiffs’ cause of action on their § 1983 claim accrued in October 1980, when the Northport Zoning Board of Adjustment rendered its decision denying plaintiffs’ petition for a zoning variance. The standard governing accrual of a cause of action under § 1983 is when a plaintiff “knows or has reason to know of the injury which is the basis of the action.” Rubin v. O’Koren, 621 F.2d 114, 116 (5th Cir.1980), citing Lavellee v. Listi, 611 F.2d 1129, 1131 (5th Cir.1980). The United States Supreme Court, discussing the accrual of a cause of action under Federal law, stated in Delaware State College v. Ricks, 449 U.s. 250, 258, 101 S.Ct. 498, 504, 66 L.Ed.2d 431, 440 (1980), that “[t]he proper focus is upon the time of the discriminatory acts, not upon the time at which the consequences of the acts became most painful,” quoting Abramson v. University of Hawaii, 594 F.2d 202, 209 (9th Cir.1979).
In this cause the allegedly discriminatory act by the Northport Zoning Board of Adjustment occurred in October 1980. At that time plaintiffs knew or had reason to know of their injury which is the basis of this action. Thus, the applicable six months statute of limitations, § 11-47-23, Code 1975, ran prior to plaintiffs’ filing their complaint in May 1981.
The trial court correctly granted defendant’s motion to dismiss.
Affirmed.
TORBERT, C.J., and ALMON, EMBRY and ADAMS, JJ., concur.