**Guadalupe Ortega DE ALMANZA, Plaintiff-Appellant,**

v.

**LAREDO WATER WORKS SYSTEM and the City of Laredo, Defendant-Appellee.**

No. 78–1464

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Oct. 26, 1978.

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

1. CITY NOT LIABLE FOR DAMAGES UNTIL NOTICE IS GIVEN

Sec. 47. Before the city of Laredo shall be liable for damages of any kind, the person injured, or some one in behalf of such person, shall give the mayor notice in writing of such injury within sixty days after the same has been received, stating in such notice when, where and how the injury occurred and the extent thereof; provided, however, that in no

Arnulfo Gonzalez, Jr., Laredo, Tex., for plaintiff-appellant.

Mann, Freed, Kazen & Hansen, George P. Kazen, Laredo, Tex., for defendant-appellee.

Before RONEY, GEE and FAY, Circuit Judges.

GEE, Circuit Judge:

Plaintiff-appellant Ortega appeals the summary judgment in favor of defendants, City of Laredo and Laredo Water Works System, in her diversity suit for personal injuries. The outcome primarily depends on whether a provision of the Laredo City Charter that unconstitutionally bars suits by persons injured on city sidewalks is severable from another provision establishing valid notice requirements. Appellant also contends that the charter section is vague and ambiguous, thus failing to apprise those injured on sidewalks of what they must do to obtain a remedy. Finding the offending provision severable and the remaining notice provision clearly applicable to all those who would sue the city regarding injuries, we affirm.

Ortega was injured on October 18, 1975, when she stepped into a hole or defect on a sidewalk in Laredo, Texas. The city first received notice eighteen months after the injury. Section 47 of the City Charter,[1] set out in the margin, requires that the injured person or a proxy give written notice to the mayor within sixty days of an injury "[b]efore the City of Laredo shall be liable

event shall said city be liable in damages to any one on account of any defect in, obstruction on, or anything else in connection with any sidewalk in the city; provided, further, that, in order to hold said city liable in damages to any one on account of any injury caused by any defect in, obstruction on, or anything else in connection with any street outside of sidewalks along the same, it must be shown that the mayor or some person having superintendence and control of work on the streets for the city had actual knowledge or actual notice of such defect, obstruction or other thing for a sufficient length of time before such injury was

for damages of any kind." Texas courts have held notice provisions of this sort to be valid conditions precedent to suit. *See, e. g., City of Terrell v. Howard*, 130 Tex. 459, 111 S.W.2d 692 (1938), *Phillips v. City of Abilene*, 195 S.W.2d 147 (Tex.Civ.App.—Eastland, 1946, writ ref'd). Section 47 continues with a proviso that attempts to preclude city liability for injuries sustained in connection with city sidewalks. City charter provisions that restrict such suits by onerous notice requirements[2] or abolish remedies altogether have been found to violate the Texas constitution. *See Lebohm v. City of Galveston*, 154 Tex. 192, 275 S.W.2d 951 (1955), *Hanks v. City of Port Arthur*, 121 Tex. 202, 48 S.W.2d 944 (1932), *City of Terrell, supra.*

The City of Laredo does not bother arguing that its sidewalk provision is somehow constitutional. Rather, it contends that the initial sixty-day notice provision is valid and, as "clearly severable" from the other provisions of section 47, should be upheld and applied to bar Ortega's untimely action. Ortega argues that the doctrine of severability, though applicable to a statute or an ordinance, has not been applied to charter provisions by Texas courts. In support for this interesting idea, Ortega cites isolated language in *Hanks* and *Lebohm, supra.*[3] These cases, however, involved charter provisions that are easily distinguished from section 47. In neither of those cases could the provision have been saved merely by excising a clause or sentence. Much specific language would have to have been added to instate the constitutionally required suits in the face of each provision's negative formulation.[4] These cases do not constitute refusals of Texas courts to sever charter provisions so much as they provide illustrations of the hornbook rule of severability that bad language might be so interwoven with good that the whole must be stricken. *See, e. g., Sharber v. Florence*, 131 Tex. 341,

---

received, to have remedied such condition of the street before the injury was received, or by exercise of ordinary care and diligence might have ascertained the existence of such defect or obstruction.

2. The second proviso of section 47, not involved in this suit, is an example of the sort of excessive notice requirements found objectionable.

3. In *Hanks*, the court stated that "the validity of the charter section may be raised, and, if void for any reason, it cannot be enforced in this case." 48 S.W.2d at 946. In *Lebohm*, the court cited *Hanks* and added: "the Charter provision being invalid in some respects it would be held invalid in its entirety." 275 S.W.2d at 952.

4. In *Hanks*, the following provision was at issue:
"Sec. 8: Damage suits against the City. * * * The City of Port Arthur shall never be liable on account of any damage or injury to person or property arising from or occasioned by any defect in any public street, highway or grounds, or any public work of the city, unless the specific defect causing the damage or injury shall have been actually known to one of the Commissioners by personal inspection for a period of at least twenty-four hours prior to the occurrence of the injury or damage, or unless the attention of one of the Commissioners shall have been called thereto by notice thereof in writing at least twenty-four hours prior to the occur-

rence of the injury or damage, and proper diligence has not been used to rectify the defect after actually known or notice served as aforesaid." 48 S.W.2d at 945.
The court analyzed in detail each possible cause of action restricted by the provision to determine whether part of the section might be saved. The entire provision was declared void, however, after the court concluded that many specific eliminations would have to be made, that the plain terms of the notice provision did not permit the required eliminations, and that it couldn't be said the Legislature would have enacted the section had it understood that the full import of its provisions was not effective. *Id.* at 950.

In *Lebohm*, a flat prohibition was challenged:
"That the * * * city of Galveston shall not be liable in damages for any injury or injuries to persons or to property caused by filling, raising, grading or elevating any property within the city of Galveston, or in the prosecution of any public improvement in said city, or on account of any defect of any street, sidewalk or other public place." 275 S.W.2d at 952.
The court stated that its consideration was governed by stare decisis but that the decision might have rested instead on the *Hanks* case and *City of Amarillo v. Tutor*, 267 S.W. 697 (Tex.Com.App.1924), in which the court had held that a statute and ordinance "were subject to so many objections that they would be held invalid in their entirety." 275 S.W.2d at 952.

115 S.W.2d 604 (1938); *Sam Bassett Lumber Co. v. City of Houston*, 194 S.W.2d 114 (Tex.Civ.App.—Galveston, 1946) (severing provisions of a city charter), *rev'd on other grounds*, 145 Tex. 492, 198 S.W.2d 879 (1947).

By contrast, the discrete clause banning suits regarding injuries in connection with sidewalks can be easily severed without disturbing the overall intent of section 47, which generally grants a remedy to those injured by the city. It falls well within the limits of previous examples of severance on just this issue by Texas courts. See *City of Terrell v. Howard, supra*, finding a notice provision too dependent on another clause to be separable while applying a second notice provision that was impliedly separable from an invalid ban on certain suits.

As to Ortega's vagueness argument, we are persuaded that the remaining notice provision is sufficiently explicit in its applicability to anyone seeking recovery against the city that Ortega had sufficient notice of the requirement.

The judgment of the District Court is AFFIRMED.