Joseph C. **BOOKER**, d/b/a Booker Trucking Company, Plaintiff,

v.

**CITY OF ATLANTA**, F.M. Couvillion, and John Doe, Defendants.

Civ. A. No. C 83–1607 A.

United States District Court, N.D. Georgia, Atlanta Division.

March 30, 1984.

Clifford H. Hardwick, Atlanta, Ga., for plaintiff.

Marva Jones Brooks, Malcolm J. Hall, George R. Ference, Atlanta, Ga., for defendants.

## ORDER

VINING, District Judge.

In this 42 U.S.C. § 1983 action the court in an opinion dated December 12, 1983, *see* Appendix, rejected as frivolous the two arguments offered by defendant City of Atlanta supporting the city's motion to dismiss. The city's argument which suggested that dismissal was appropriate because the city had not received *ante litem* notice of this suit as required by O.C.G.A. § 36-33-5 (1982) was particularly troubling, since a long and unbroken line of cases by the United States Court of Appeals for the Fifth Circuit and the United States District Courts for the Northern and Middle Districts of Georgia explicitly rejected this identical argument. In the December 12 order this court found the city's *ante litem* argument disingenuous and possibly made in bad faith. Accordingly, pursuant to Fed. R.Civ. P. 11 [1] the city was given 30 days to show cause why an award of attorney's fees and costs should not be made to the plaintiff.

On January 11, 1984, the city filed a response to this court's show cause order. Although the city's response is lengthy, the city failed to address the specific question asked, namely: What justification existed for the city's assertion of an explicitly foreclosed ground supporting its motion to dismiss. In its response the city did not cite, let alone discuss or attempt to distinguish, the cases cited by this court in the December 12 order which unmistakably foreclosed the city's *ante litem* notice argument.

Rather, the city offered new grounds supporting its motion to dismiss and argued in vague and general terms why dismissal or summary judgment was appropriate.

It is important that the city understand the nature and purpose behind this court's show cause order. That order was not designed to chill the city's right to file a motion to dismiss, nor was the order designed to limit the nature or number of arguments offered by the city in support of the motion. The mere fact that other grounds exist which may support either a motion to dismiss or a motion for summary judgment is irrelevant to the analysis of whether the *ante litem* argument was frivolous. The show cause order was designed to insure that the city was not asserting, either knowingly or carelessly, a patently frivolous claim. The show cause order invited the city either to demonstrate that this court's reliance upon the cited cases was misplaced or to assert "a good faith argument for the extension, modification, or reversal of existing law." Fed.R.Civ.P. 11. But the city declined to accept this invitation, and it failed to offer any justification for its assertion of the judicially foreclosed *ante litem* argument.

Accordingly, this court concludes that the plaintiff is entitled to an award of attorney's fees and costs incident to the defense of the city's *ante litem* argument. Moreover, the court is convinced that the city's attorneys were responsible for the assertion of this frivolous argument, and, therefore, the city's attorneys will be responsible for the payment of the plaintiff's costs and fees. Finally, the plaintiff's attorney is directed to submit an affidavit within 20 days identifying the costs and fees billed to his client which were attributable to the defense of the *ante litem* argument.

---

**1.** In pertinent part Fed.R.Civ.P. 11 provides: The signature of an attorney or party constitutes a certificate by him that he has read the pleading, motion, or other paper; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the exten-

sion, modification, or reversal of existing law .... If a pleading, motion, or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction....

## APPENDIX

### ORDER

In this 42 U.S.C. § 1983 action defendant City of Atlanta has moved to dismiss, claiming that it has not received *ante litem* notice of this suit as required by O.C.G.A. § 36–33–5 (1982). Defendant City of Atlanta also asserts that it is absolutely immune from liability for the actions of its police officers. The plaintiff has opposed the city's motion, claiming that the motion is frivolous, and on the basis of the motion's frivolity the plaintiff has requested an award of attorney's fees and costs for the defense of this motion.

Defendant City of Atlanta's *ante litem* notice argument is without any merit. The United States Court of Appeals for the Fifth Circuit has considered and explicitly rejected the same argument that the city offers today. *See Ehlers v. City of Decatur*, 614 F.2d 54, 55–56 (5th Cir.1980). *See also Doss v. Long*, 93 F.R.D. 112, 122 (N.D. Ga.1981) (applying *Ehlers*); *Williams v. Posey*, 475 F.Supp. 133, 134 (M.D.Ga.1979) (a pre-*Ehlers* case rejecting the argument that *ante litem* notice is required in a section 1983 case). In support of its argument the city merely cited section 36–33–5; it cited no case supporting its position and offered no grounds upon which *Ehlers* may be distinguished. The court finds the city's argument disingenuous and possibly not made in good faith. Accordingly, pursuant to Fed.R.Civ.P. 11, defendant City of Atlanta is directed to show cause within 30 days from the date of this order why an award of attorney's fees and costs should not be made to the plaintiff.

In its other argument supporting its motion to dismiss the city cites O.C.G.A. § 36–33–1 (1982), the general statute providing municipalities with immunity from tort liability, and asserts that under this section, it is immune from suit for the actions of its police officers. However, the city has applied the wrong code section. The appropriate code section is O.C.G.A. § 36–33–3 (1982), which deals exclusively with the liability of a municipality for the torts of its police and other officers. Section 36–33–3 states

> A municipal corporation shall not be liable for the torts of policemen ... engaged in the discharge of the duties imposed on them by law.

The Georgia Supreme Court recently held that under the Supremacy Clause of the United States Constitution, the immunity defense embodied in section 36–33–3 is not applicable in a section 1983 action. *Davis v. City of Roswell*, 250 Ga. 8, 9, 295 S.E.2d 317 (1982). Accordingly, the court finds this argument to be without merit.

In summary, defendant City of Atlanta's motion to dismiss is DENIED. In addition, defendant City of Atlanta is directed to show cause within 30 days from the date of this order why an award of attorney's fees and costs should not be granted to the plaintiff.