458 So.2d 315 (1984)
Frances E. THIGPIN, As Clerk of the Circuit Court of Marion County, Petitioner,
v.
SUN BANK OF OCALA, As Trustee, Respondent.
No. 84-568.
District Court of Appeal of Florida, Fifth District.
September 20, 1984.
Rehearing Denied October 31, 1984.
Robert R. McDonald and Fred W. Baggett of Roberts, Baggett, LaFace, Richard & Wiser, Tallahassee, and Michael Milbrath, Ocala, for petitioner.
Willard Ayres of Ayres, Cluster, Curry, McCall & Briggs, P.A., Ocala, for respondent.
*316 COBB, Chief Judge.
The defendant, Frances E. Thigpin, as Clerk of the Circuit Court of Marion County, has filed a timely notice of appeal from the trial court's order denying her motion to dismiss the plaintiff's complaint. Said order is a non-final, non-appealable order. This court, however, by order dated July 5, 1984, is treating this cause as a petition for writ of certiorari.
This cause originated when the plaintiff, Sun Bank of Ocala, as Trustee, filed a negligence action against Frances E. Thigpin as Clerk of the Circuit Court of Marion County on February 21, 1984, alleging the Clerk had failed to record a mortgage which Sun Bank, as mortgagee, had submitted for recordation. The Clerk moved to dismiss Sun Bank's complaint on two grounds: (1) that the plaintiff had failed to meet the three year statute of limitations for filing claims against the state under section 768.28(6)(a), Florida Statutes (1983); (2) that the state had not yet denied the plaintiff's claim and plaintiff could not file its action until the state had done so. The trial court rendered an order denying the motion to dismiss wherein it stated that the amended complaint created "an issue of fact as to when plaintiff's cause of action, if any, accrued." The trial court then stayed further proceedings in the cause other than discovery until the running of the six month period for final disposition of a claim by the agency under section 768.28(6)(a), Florida Statutes (1983).
Section 768.28(6)(a), Florida Statutes (1983) provides in relevant part:
An action may not be instituted on a claim against the state or one of its agencies or subdivisions unless the claimant presents the claim in writing to the appropriate agency, and also, except as to any claim against a municipality, presents such claim in writing to the Department of Insurance, within three years after such claim accrues and the Department of Insurance or the appropriate agency denies the claim in writing... . The failure of the Department of Insurance or the appropriate agency to make final disposition of a claim within six months after it is filed shall be deemed a final denial of the claim for purposes of this section... .
We agree with the trial court's determination that the amended complaint created an issue of fact as to date of accrual of the cause of action. It is apparent, however, that the plaintiff instituted this action against the clerk, a state agency, prior to any denial of its written claim as required by the foregoing statute. There was no written denial and six months from filing of the claim had not elapsed at the time suit was filed.
The trial court's order constitutes a departure from essential requirements of law because of the premature, thus impermissible, discovery it authorizes. See Briggs v. Salcines, 392 So.2d 263 (Fla. 2d DCA 1980), review denied, 397 So.2d 779 (Fla. 1981), cert. denied, 454 U.S. 815, 102 S.Ct. 92, 70 L.Ed.2d 84 (1981). The proper remedy when a complaint fails to allege performance of a condition precedent is dismissal with leave to amend. Commercial Carrier Corp. v. Indian River County, 371 So.2d 1010 (Fla. 1979); Askew v. County of Volusia, 450 So.2d 233 (Fla. 5th DCA 1984).
We grant certiorari review, quash the trial court's order dated March 13, 1984, and remand for dismissal of the amended complaint without prejudice.
WRIT GRANTED.
SHARP, J., concurs.
COWART, J., dissents with opinion.
COWART, Judge, dissenting:
The extraordinary writ of certiorari should not be used to review an ordinary interlocutory order denying a motion to dismiss a complaint. Legally and relatively, the judicial error in failing to dismiss a complaint that fails to state a cause of action is not a serious error because it can be rectified on plenary appeal from a final judgment and therefore results in no miscarriage *317 of justice.[1] Such use of certiorari to review non-appealable, non-final orders substantially abrogates the limitation, contained in Florida Rule of Appellate Procedure 9.130(a)(3), on the jurisdiction of this court to review such orders by direct appeal.[2] Whatever reason[3] the supreme court had for not permitting direct interlocutory appeal of all such orders is an even better reason for not selectively reviewing some of them by certiorari.
There is nothing that distinguishes this case from any other case in which the trial court errs by entry of an order denying a motion to dismiss a complaint which fails to state a cause of action. In all such cases the parties have the right to make discovery. Use of discovery before the pleadings are settled is not premature nor impermissible. There is nothing inherently or essentially harmful about the use of discovery in a civil case before the legal sufficiency of the pleadings are settled. The rules of procedure contemplate and explicitly provide for discovery at any time after commencement of the action and even before an action is filed. See Rules 1.310(a), 1.320(a), 1.340(a), 1.350(b) and 1.290(a), Florida Rules of Civil Procedure. Improper discovery in every case is always subject to protective orders in the trial court under Rule 1.280(c) and errors erroneously permitting discovery are properly reviewable by certiorari.[4] In Briggs v. Salcines, 392 So.2d 263 (Fla. 2d DCA 1980), review denied, 397 So.2d 779 (Fla. 1981), cert. denied, 454 U.S. 815, 102 S.Ct. 92, 70 L.Ed.2d 84 (1981), a state attorney (Salcines) caused a trial court to order a private attorney (Briggs) to produce incriminating tape recordings which had been delivered to the private attorney by his client. The threat of a contempt citation against the private attorney and of the violation of the lawyer-client privilege and violation of the client's constitutional fifth amendment rights, caused the appellate court to find the impending, threatened harm to be imminent, irreparable, and not remediable on appeal and certiorari review was granted and the State's subpoena quashed. The operative and compelling facts in Briggs do not exist in this case.
Basic concepts of equal protection under the law dictate that legal remedies and review not be selectively or arbitrarily granted and that district courts of appeal should review all orders denying motions to dismiss in civil cases or none of them.[5]
NOTES
[1] A serious judicial error that results in a miscarriage of justice appears to be the criteria for granting certiorari approved in Combs v. State, 436 So.2d 93 (Fla. 1983). Combs stresses that certiorari is a discretionary writ. This means appellate courts have the discretion to deny review by certiorari even in a case that has the criteria justifying review by certiorari but it does not mean appellate courts have the discretion to grant review by certiorari in a case that does not meet the criteria for review by certiorari. It should be noted that Combs was concerned with the certiorari being used as a "second" appeal by a district court of appeal reviewing by certiorari appellate decisions of circuit courts. The problem in this case involves the use of certiorari to review plain, ordinary, routine, everyday, garden variety, run-of-the-mill non-final orders that this court does not have jurisdiction to review by appeal.
[2] See, e.g., Page v. Ezell, 452 So.2d 582 (Fla. 3d DCA 1984).
[3] The reason is that the appellate work and cost is just not justified because errors in interlocutory orders are usually ultimately rendered inconsequential because at some point they are corrected by the trial court or the parties settle or the case is tried by consent on the proper issues or the plaintiff loses on the merits or otherwise and the issue is never reviewed.
[4] See Industrial Tractor Company v. Bartlett, 454 So.2d 1067 (Fla. 5th DCA 1984).
[5] See Brogan v. Mullins, 452 So.2d 940 (Fla. 5th DCA 1984).