485 So.2d 892 (1986)
Glen A. WEMETT, Appellant,
v.
DUVAL COUNTY D/B/a Jacksonville Police Department, et al., Appellees.
No. BE-158.
District Court of Appeal of Florida, First District.
April 1, 1986.
*893 Glen A. Wemett, pro se.
Gerald A. Schneider, Gen. Counsel and Donald R. Hazouri, Asst. Gen. Counsel, Jacksonville, for appellees.
JOANOS, Judge.
This is an appeal from the dismissal with prejudice of appellant's complaint. We agree with appellees that the trial court could dismiss appellant's complaint. Appellant failed to comply with Section 768.28(6)(a), Florida Statutes, prior to bringing suit. Appellant also erroneously brought suit against Duval County rather than the City of Jacksonville as required by law; and appellant has alleged inconsistent causes of action within a single count.
However, it was error to dismiss the complaint with prejudice. Since the case has not been decided on the merits, and since the statute of limitations had not yet run at the time of dismissal, the dismissal should not have been with prejudice. It was still possible at the time of the dismissal for appellant to comply with the notice requirements of Section 768.28(6)(a), Florida Statutes, before the statute of limitations ran out. Appellant should not have been foreclosed from complying with Florida law and filing a timely proper complaint if he could. See: Lee v. South Broward Hospital District, 473 So.2d 1322 (Fla. 4th DCA 1985); Thigpin v. Sun Bank of Ocala, 458 So.2d 315 (Fla. 5th DCA 1984); Askew v. County of Volusia, 450 So.2d 233 (Fla. 5th DCA 1984).
Accordingly, the judgment appealed from should be amended by striking "with prejudice".
Reversed and remanded for proceedings consistent with this opinion.
SHIVERS, J., concurs.
NIMMONS, J., dissents without opinion.