**Cindy HENDRIX, Plaintiff,**

v.

**FLEMING COMPANIES, an Oklahoma corporation, R.D. Harrison, R. Randolph Devening, Dean Werries, Ralph Richards, Don Eyler, Loren White and R.D. Williams, Defendants.**

**No. CIV–85–2946–BT.**

United States District Court,
W.D. Oklahoma.

Aug. 14, 1986.

---

Norman B. Johnston, David N. Pierce, Pierce, Johnston & Demopolos, Oklahoma City, Okl., for plaintiff.

Robert H. Gilliland, Jr., Myrna R. Schack, McAfee & Taft, Oklahoma City, Okl., for defendants.

### ORDER

BRETT, District Judge.

This matter comes before the Court on the renewed Motions to Dismiss of Defendants R.D. Harrison, R. Randolph Devening, Dean Werries, Ralph Richards, Don Eyler, Loren White and R.D. Williams (hereafter, "Individual Defendants"). For the reasons set forth below the Motions to Dismiss of Harrison, Devening, Werries, Richards, Eyler and Williams are sustained. The Motion to Dismiss of Loren White is denied.

Plaintiff commenced this action on December 9, 1985, alleging violation of 42 U.S.C. § 2000e et seq. (Title VII) and common law tort claims. On January 2, 1986, Individual Defendants filed their Motions to Dismiss Plaintiff's Title VII claim. These motions were denied, but Plaintiff was ordered to amend her Complaint to state with specificity how the Individual Defendants qualified as "employers" under Title VII. Plaintiff amended her Complaint on July 3, 1986, and the Individual Defendants have renewed their Motions to Dismiss the Title VII claim.

In order to prevail on a Motion to Dismiss, Defendant must establish that Plaintiff can prove no set of facts in support of her claim which would entitle her to relief. *Haines v. Kerner,* 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). In passing on the motion, the court should construe the allegations in the Complaint in favor of the plaintiff, *Scheurer v. Rhodes,* 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974), and assume the allegations therein are true. *Gardner v. Toilet Good Assn.,* 387 U.S. 167, 87 S.Ct. 1526, 18 L.Ed.2d 704 (1957).

■ Individual Defendant contend they are not proper parties under Title VII, which prohibits sex discrimination by employers. Title VII provides, in pertinent part:

> § 2000e. Definitions.
>
> (b) The term "employer" means a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, *and any agent of such a person....* (emphasis added)

It is not contested that Fleming Companies is an employer for purposes of Title VII. Therefore, the Individual Defendants are "employers" under Title VII if they are agents of Fleming Companies. Courts have generally held that to be an employer for purposes of Title VII, an individual must be an officer, director or supervisor of a Title VII employer, or otherwise involved in managerial decisions. *See, Jeter v. Boswell,* 554 F.Supp. 946 (N.D.W.Va. 1983); *Guyette v. Stauffer Chemical Co.,* 518 F.Supp. 521 (D.N.J.1981); *E.E.O.C. v. Charleston Elec. Joint Apprenticeship,* 587 F.Supp. 528 (S.D.W.Va.1984); *Tafoya v. Adams,* 612 F.Supp. 1097 (D.Colo.1985); *Weaver v. Gross,* 605 F.Supp. 210 (D.D.C. 1985). *See also, Owens v. Rush,* 636 F.2d 283 (10th Cir.1980). Thus, if the Individual Defendants were officers, directors, supervisors or otherwise involved in managerial decisions of Fleming Companies, they are "employers" under the definition in § 2000e. With respect to each Individual Defendant, Plaintiff has sufficiently alleged the requisite managerial control/authority to bring the defendant within the definition of employer. It is unclear, however, to what extent an individual who

comes within the scope of this definition may be liable under Title VII. Courts have not addressed the issue often because generally the remedies sought under Title VII—reinstatement with or without back pay—do not apply to individual, as opposed to institutional, defendants. Where individual liability has been imposed, it has been the result of active discriminatory conduct by that individual. For example, in *Kyriazi v. Western Electric Co.*, 476 F.Supp. 335 (D.N.J.1979), the court noted that individual liability is warranted "[W]hen a party's deliberate conduct is so extreme that it intentionally interferes with another's ability to practice a profession or earn a livelihood." *Id.* at 340. In *Ponton v. Newport News School Board*, 632 F.Supp. 1056 (E.D.Va.1986), individual members of the defendant School Board were held liable under Title VII because they had "committed the discriminatory act." *Id.* at 1068–69. Thus, it appears that actual misfeasance, as opposed to non-feasance, is necessary for individual liability under Title VII. "If the *harassing employee* is an agent of the employer, then both the employer and the employee are liable under Title VII...." G. Rutherglen, Major Issues in the Federal Law of Employment Discrimination, 57 (Federal Judicial Center 1983) (emphasis added).

Applying this rule to the instant case, it is clear that only Defendant Loren White of the Individual Defendants may be held liable under Title VII. It is White's actions which are the focal point of this lawsuit. White is alleged to have made rude remarks and sexual advances toward the Plaintiff. Plaintiff seeks to hold the remaining individual defendants liable under Title VII because they allegedly either knew or should have known about White's conduct and did nothing to stop it. The court concludes that this is insufficient to impose individual liability under Title VII. For this reason, the Motions to Dismiss of Defendants Harrison, Devening, Werries, Richards, Eyler and Williams are sustained. The Motion to Dismiss of Defendant Loren White is denied.