Robert Shawn **MAJETTE,**
Plaintiff-Appellant,

v.

Michael **O'CONNOR, et al.,**
Defendants-Appellees.

No. 86–5343
Non-Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

March 6, 1987.

Douglas S. Lambeth, Ft. Lauderdale, Fla., for plaintiff-appellant.

David T. Price, Price and Byrne, Ft. Lauderdale, Fla., for defendants-appellees.

Before HATCHETT and CLARK, Circuit Judges, and TUTTLE,* Senior Circuit Judge.

PER CURIAM:

In reversing this case, we again hold that no exhaustion requirement exists before bringing a lawsuit pursuant to 42 U.S.C. § 1983.

### Facts and Procedural History

Appellant, Robert S. Majette, brought this 42 U.S.C. § 1983 action seeking damages for alleged acts of police brutality against three members of the Police Department of the City of Fort Lauderdale, the City of Fort Lauderdale, a deputy sheriff of Broward County, the chief of police of Fort Lauderdale, and Robert Butterworth, the sheriff of Broward County.[1] Majette alleged that the City of Fort Lauderdale, the chief of police, and Butterworth knew or should have known of the pattern of unconscionable conduct which existed at the time of his arrest. He further alleged that he was beaten and that the law enforcement officers "exhibited deliberate, malicious and willful disregard for the rights of persons arrested by members of the Fort Lauderdale Police Department and detained by members of the Fort Lauderdale Police Department and deputies serving the Broward County Sheriff's Department." Majette also charged that Butterworth knew or should have known of, and was deliberately indifferent to, unconstitutional conditions of confinement in which arrestees were placed.

Butterworth, sued individually and in his official capacity, filed a motion to dismiss the complaint for failure to comply with the notice provisions of Florida Statutes § 768.-28(6). The district court dismissed the claims against Butterworth, with prejudice. Majette subsequently settled with the other defendants. This appeal is taken from the district court's order dismissing Majette's complaint as to Butterworth.

### Discussion

Florida Statutes § 768.28 is entitled "Waiver of sovereign immunity in tort actions; recovery limits; limitation on attorney fees; statute of limitations; exclusions." Section 768.28(6) provides:

(6)(a) An action may not be instituted on a claim against the state or one of its agencies or subdivisions unless the claimant presents the claim in writing to the appropriate agency, and also, except as to any claim against a municipality, presents such claim in writing to the Department of Insurance, within 3 years after such claim accrues and the Department of Insurance or the appropriate agency denies the claim in writing; except that, if such claim is for contribution pursuant to s. 768.31, it shall be so presented within 6 months after the judgment against the tortfeasor seeking

---

* *See* Rule 3, Rules of the Court of Appeals for the Eleventh Circuit.

1. Appellant also sought to have the district court consider various state tort law claims based on diversity jurisdiction and alternatively on pendent jurisdiction.

contribution has become final by lapse of time for appeal or after appellate review or, if there is no such judgment, within 6 months after the tortfeasor seeking contribution has either discharged the common liability by payment or agreed, while the action is pending against him, to discharge the common liability. The failure of the Department of Insurance or the appropriate agency to make final disposition of a claim within 6 months after it is filed shall be deemed a final denial of the claim for purposes of this section. The provisions of this subsection do not apply to such claims as may be asserted by counterclaim pursuant to s. 768.14.

(b) For purposes of this section, the requirements of notice to the agency and denial of the claim are conditions precedent to maintaining an action but shall not be deemed to be elements of the cause of action and shall not affect the date on which the cause of action accrues.

The district court found that Majette's notice was untimely because it was not served within three years of the incident giving rise to the claim, and also defective because notice to the Broward County Board of County Commissioners was not the "appropriate agency" to which the claim should have been directed.

Majette contends that a state requirement for the filing of a notice of claim before bringing a suit under 42 U.S.C. § 1983 unduly burdens access to federal courts and unlawfully requires exhaustion of state administrative remedies.

■ Exhaustion of state administrative remedies is not a prerequisite to bringing a section 1983 action. *Patsy v. Board of Regents,* 457 U.S. 496, 102 S.Ct. 2557, 73 L.Ed.2d 172 (1982). Our predecessor court addressed an issue similar to the one

presented in this case in *Ehlers v. City of Decatur,* 614 F.2d 54 (5th Cir.1980). In *Ehlers,* the district court granted summary judgment in favor of the city in a section 1983 suit for damages on the ground that Ehlers had not complied with Georgia's ante-litem notice statute. The statute required that before bringing suit, a plaintiff first present the claim in writing to the municipality within six months of the events giving rise to the claim. The Fifth Circuit held that the statute was not "a jurisdictional prerequisite but an explicit requirement of exhaustion of remedies." 614 F.2d at 56. The court noted that "a statute of limitations is 'a statute of repose, designed to compel suit within a reasonable time....'" *Ehlers,* 614 F.2d at 56 (quoting *Dedmon v. Falls Products, Inc.,* 299 F.2d 173, 178 (5th Cir.1962)). The court held that Georgia's ante-litem notice requirement which consisted both of a time limitation and a requirement of exhaustion of administrative remedies could not be applied to a section 1983 action. *See also Brown v. United States,* 742 F.2d 1498 (D.C.Cir.1984) (en banc), *cert. denied,* 471 U.S. 1073, 105 S.Ct. 2153, 85 L.Ed.2d 509 (1985) (holding that noncompliance with a notice of claim provision in the District of Columbia Code does not bar federal causes of action). We likewise conclude that section 768.28(6) constitutes an exhaustion of administrative remedies requirement and is thus inapplicable to section 1983 suits.[2]

■ Butterworth defends the district court's ruling by contending that section 768.28(6) constitutes a statute of limitations. Out of necessity, state law rules are borrowed to effectuate federal policies in the face of incomplete federal law. State laws are not to be borrowed if to do so would incorporate into federal law rules or requirements inconsistent with the policies underlying federal action. *See* 42 U.S.C.

---

**2.** Butterworth cites as support for the proposition that the district court properly held Majette was required to comply with section 768.28(6) the case of *De Almanza v. Laredo Water Works System,* 582 F.2d 970 (5th Cir.1978). In *De Almanza,* the Fifth Circuit affirmed the district court's grant of summary judgment in favor of the city on the ground that plaintiff, injured from a fall on a defective sidewalk, failed to

comply with a city charter provision which required written notice to the Mayor within 60 days of an injury before the city would be charged with liability. *De Almanza* is inapposite, because federal jurisdiction was premised on diversity, and thus the court's *Erie R. Co. v. Tomkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), obligation required application of substantive state law to plaintiff's negligence claim.

§ 1988; *Board of Regents v. Tomanio,* 446 U.S. 478, 100 S.Ct. 1790, 64 L.Ed.2d 440 (1980). Because section 1983 does not contain a statute of limitations, reference must be made to the limitation periods prescribed by the state in which the litigation arose. *Burnett v. Grattan,* 468 U.S. 42, 49, 104 S.Ct. 2924, 2929, 82 L.Ed.2d 36, 44 (1984).

In an attempt to avoid uncertainty and to provide a workable analysis for determining the applicable statute of limitations in section 1983 claims, the Supreme Court recently held that the most appropriate statute of limitations for all section 1983 actions is the personal injury statute of limitations of the state whose law is to be applied. *Wilson v. Garcia,* 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985).

Because the district court erred in granting Butterworth's motion for summary judgment, this case is reversed and remanded for further proceedings not inconsistent with this opinion.[3]

REVERSED and REMANDED.

See also, D.C., 637 F.Supp. 482.

---

**3.** Butterworth further argues that this suit is barred by eleventh amendment sovereign immunity, citing *Gamble v. Florida Dept. of Health and Rehab. Services,* 779 F.2d 1509 (11th Cir. 1986). In its opinion granting Butterworth's motion for summary judgment, the district court found Majette's claim was not barred by sovereign immunity. In *Gamble,* however, which was issued by this court two months prior to the district court's order, we held that section 768.28 represents only a limited abrogation of Florida's sovereign immunity and that it does not extend to civil rights actions. Because this issue was not raised as a cross-appeal, however, it is not before us.