Sunday BROWN, Plaintiff,

v.

CITY OF MIAMI BEACH, Rob W. Parkins, Kenneth Glassman, and City of Miami Beach Police Department, Defendants.

No. 87–2029–Civ.

United States District Court,
S.D. Florida.

April 20, 1988.

Bernard B. Weksler, Coral Gables, Fla., for plaintiff.

John L. Morrow, Surfside, Fla., and Jean K. Olin, Miami Beach, Fla., for City of Miami Beach.

Peter J. Hurtgen, Miami, Fla., for Parkins, Glassman, City of Miami Beach Police Dept. (individuals).

## ORDER ON MOTIONS TO DISMISS

ARONOVITZ, District Judge.

THIS CAUSE came before the Court upon the defendants', City of Miami Beach (the "city"), Rob W. Parkins ("Parkins"), Kenneth Glassman ("Glassman"), and City of Miami Beach Police Department (the "department"), motions to dismiss and/or alternatively motion to strike.

THE COURT has considered the motions and the pertinent portions of the record, and being otherwise fully advised in the premises, it is

ORDERED AND ADJUDGED as follows:

### Title VII and the City

The plaintiff, Sunday Brown ("Brown"), has filed a three count complaint, with the first two counts charging sexual discrimination and disparate treatment under Title VII of the Civil Rights Act of 1964, 42 U.S.C. sec. 2000e–2. Count III claims intentional infliction of emotional distress, and is brought as a pendent claim to the federal questions raised in the first two counts. Brown is a female police officer employed by the City of Miami Beach. She alleges that she was also a successful body builder in excellent physical condition, but that she ceased this form of physical condi-

tioning as a result of numerous and continuous acts of harassment from unknown co-workers at the department. She alleges that these co-workers ridiculed her in a variety of obscene ways which attacked her femininity and referred to her as a lesbian.

The city has moved to dismiss on the basis that the plaintiff has failed to comply with 42 U.S.C. sec. 2000e–5(c), which in this jurisdiction prevents a Title VII plaintiff from filing a claim with the Equal Employment Opportunity Commission ("EEOC"), "before the expiration of 60 days after proceedings have been commenced under the State or local law...." The city argues that the plaintiff has failed to allege she ever commenced proceedings before the Dade County Fair Housing and Employment Appeals Board ("FHEAB").

■ The city does not suggest that the plaintiff has actually failed to file a claim with the FHEAB; rather, the city argues that the plaintiff has improperly failed to *allege* such filing. The plaintiff has attached as exhibit "A" to her complaint a copy of her charge of discrimination filed with the FHEAB on August 20, 1986. Where the plaintiff has supplied exhibits whose authenticity is not in dispute which demonstrate compliance with the filing requirements under section 2000e–5(c), the failure to allege such filing does not require dismissal for lack of subject matter jurisdiction. *Baker v. California Land Title Co.*, 349 F.Supp. 235 (C.D.Cal.1972), *aff'd*, 507 F.2d 895 (9th Cir.1974), *cert. denied*, 422 U.S. 1046, 95 S.Ct. 2664, 45 L.Ed. 2d 699 (1975).

■ The city raises the further point that section 2000e–5(c) "also requires that the FHEAB must terminate its proceedings on the complaint and refer the charge back to the EEOC before the EEOC can act on the charge." Neither the statute nor the cases support this argument that the state agency must refer the charge of discrimination back to the EEOC. In fact, under section 2000e–5(e), where a plaintiff has filed a complaint of discrimination with a local agency which has failed to terminate its proceedings, she *must* file her claim with the EEOC within 300 days from the

act of discrimination, even though the local agency has not terminated its proceedings.

■ The city's next argument for dismissal of the first two claims (and consequently the pendent state claim) is that plaintiff has failed to allege that the city employs 15 or more employees, the jurisdictional prerequisite for Title VII. The plaintiff responds that at paragraph 52 of the complaint, she does allege that the police department employs 287 officers. The city itself concedes that the relationship between it and the department "is that of one corporate entity and a department within the corporate entity—the relationship is thus not that of two 'businesses.'"

■ Finally with regard to Title VII, and in particular with regard to Count II, the city takes the position that plaintiff has failed to allege adequately disparate treatment. The city correctly notes that to establish this claim, "plaintiff must prove by a preponderance of the evidence that she applied for an available position for which she was qualified, but was rejected under circumstances which give rise to an inference of discrimination." *Texas Dept. of Community Affairs v. Burdine,* 450 U.S. 248, 253, 101 S.Ct. 1089, 1094, 67 L.Ed.2d 207 (1981). *See also McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973).

At paragraph 68 of her complaint, the plaintiff alleges that she applied for "various positions" in the department which she failed to receive. She identifies several particular requests which the department allegedly denied, including applications to the Juvenile Division, the Marine Patrol, a Spanish Language School and a Women's Officer Survival School. These allegations are sufficient to place defendants on notice as to the nature of her claims of discrimination under *McDonnell Douglas.* Thereupon, the city's motion to dismiss Counts I and II be, and the same is, hereby DENIED. The city SHALL answer Counts I and II within 15 days from the date of this Order.

*Pendent Claim*

■ The city then turns its attention to Count III for intentional infliction of emotional distress. While the city acknowledges the Court's power to entertain this as a pendent claim to the first two counts, it argues that the Court should decline to exercise its discretion to adjudicate Count III. Where federal and state claims derive from a common nucleus of operative fact, a federal court has the power to adjudicate the state law claims although there is not a separate and independent basis for jurisdiction over them. *United Mine Workers of America v. Gibbs,* 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966). But pendent jurisdiction is a doctrine of discretion, and a district court need not exercise that discretion in every instance. *Id.* at 726, 86 S.Ct. at 1139. The factors bearing on the exercise of this discretion are judicial economy and the considerations of convenience and fairness to the parties. *Id.*

In the Title VII context, numerous courts have declined jurisdiction over pendent state law claims for intentional torts. These courts express concern that the state law claims would become the predominant focus of the lawsuit due to the limited nature of relief available under Title VII. *See, e.g., Bouchet v. National Urban League, Inc.,* 730 F.2d 799, 805 (D.C.Cir. 1984); *Kiss v. Tamarac Utilities, Inc.,* 463 F.Supp. 951, 954 (S.D.Fla.1978); *Van Hoomissen v. Xerox Corporation,* 368 F.Supp. 829, 840 (N.D.Cal.1973). Where the state law claim is the only one seeking punitive damages, as here, there is a great risk of jury confusion and that the state claim will become the "real body" of the case. *Stowell v. Ted S. Finkel Inv. Serv., Inc.,* 489 F.2d 1209, 1217 (S.D.Fla.1980).

■ The defendants also raise other challenges to Count III. While the Court's decision not to exercise pendent jurisdiction over Count III provides a complete and independent basis for dismissal, the Court also grounds dismissal on the second argument raised by the city. The city argues that plaintiff has failed to provide statutory notice pursuant to Fla.Stat. sec. 768.-

28(6)(a). This section provides that "[a]n action may not be instituted on a claim against the state or one of its ... subdivisions unless the claimant presents the claim in writing to the appropriate agency ... within 3 years after such claim accrues...."

The plaintiff's's primary response to this argument is to cite the case of *Majette v. O'Connor*, 811 F.2d 1416 (11th Cir.1987), for the proposition that notice is not required. But the *Majette* court dispensed with the notice requirement under section 768.28(6)(a) because that suit was brought under section 1983, and federal policy precludes application of state requirements which "unduly burden[ ] access to federal courts and unlawfully require[ ] exhaustion of state administrative remedies." *Id.* at 1418.

The *Majette* court, however, contrasted the facts before it to a diversity case where state substantive law controlled and a notice prerequisite was present. Re *Almanza v. Laredo Water Works System*, 582 F.2d 970 (5th Cir.1978). The *De Almanza* court upheld the lower court's grant of summary judgment in favor of a municipal defendant because the plaintiff had failed to comply with a local notice requirement.

Because Count III is solely a claim under Florida law, the *De Almanza* case and not the *Majette* case controls, and consequently the notice requirement must be met. The Court rejects plaintiff's argument that she actually complied with the notice requirement by filing a charge of discrimination with Dade County on August 20, 1986. That charge gave no notice of the present claim seeking compensatory and punitive damages for intentional infliction of emotional distress. Under Florida law, a complaint brought without first providing statutory notice must be dismissed without prejudice in order to allow the plaintiff to comply with the notice requirement, if the time has not expired to provide notice. *Wemett v. Duval County*, 485 So.2d 892 (Fla. 1st DCA 1986); *Thigpin v. Sun Bank of Ocala*, 458 So.2d 315 (Fla. 5th DCA 1984); *Burkett v. Calhoun County*, 441 So.2d 1108 (Fla. 1st DCA 1983).

Defendants Parkins and Glassman raise the additional arguments that Count III is barred by the exclusivity defense under the Florida Workers' Compensation Act, and that it does not allege conduct sufficiently outrageous to state a claim. But because the Court bases dismissal on its decision to decline pendent jurisdiction over this count and on the additional and alternative ground of the plaintiff's failure to provide statutory notice, there is no need to address these other arguments. Thereupon, the defendants' motions to dismiss Count III be, and the same are, hereby GRANTED, without prejudice to plaintiff to pursue this claim in state court.

### The Police Department

By way of a "supplement" to its motion to dismiss, the city argues that the Court should dismiss the police department because the department "is not a proper party to this action since it is not suable under 42 U.S.C. Section 2000(e); this is so since the [department] is not an 'employer' for purposes of Title VII because it has no employees; all personnel in the [department] are in fact employed by the [city]." Under Title VII, an employer is defined as "a person engaged in an industry affecting commerce ... *and any agent of such a person....*" 42 U.S.C. sec. 2000e(b) (emphasis added).

The department's argument does not address the issue of whether the department is itself an agent of the city, and therefore an employer under the statutory definition of Title VII. In *Rivas v. State Bd. for Community Colleges, etc.*, 517 F.Supp. 467 (D.Colo.1981), the court took up the issue of whether a local college counsel was an employer under Title VII, given that the state college board had ultimate hiring authority. The *Rivas* court concluded, however, that an entity is an employer even though it does not have total control or ultimate authority over hiring conditions. All that is required is that the council's "involvement is sufficient and necessary to the total employment process." *Id.* at 470.

The department goes on to state that the relationship between it and the city "is that

of one corporate entity and a department within that corporate entity—the relationship is thus not that of two 'businesses.'" In fact, the *Rivas* court ultimately dismissed the local college counsel on the basis that under state law it was not a corporate body and did not have the power to be sued in its own name. At oral argument, counsel for plaintiff essentially conceded that the department was not a proper party because it does not have a separate corporate existence. Thereupon, the department's motion to dismiss be, and the same is, hereby GRANTED.

### Parkins and Glassman

■ Defendants Parkins and Glassman also challenge their status as defendants, although they do not argue that they are not employers under Title VII. Parkins is the City Manager and Glassman is the Chief of Police. They note that the *city* may be liable as an employer on either a direct basis due to discriminatory acts by its agents, or on a respondeat superior basis if the city improperly failed to prevent harassment from the plaintiff's non-supervisory co-workers. *See Sparks v. Pilot Freight Carrier*, 830 F.2d 1554 (11th Cir.1987). But these defendants state that they "are not aware of any law which suggests that *respondeat superior* can be used to impute liability to managerial employees who were not the harassers, even if they are treated as agents of the employer for Title VII purposes."

In short, Parkins and Glassman acknowledge that they are agents of the City and that if they themselves committed sexual harassment, then the city would be directly liable under *Sparks*. Implicitly, Parkins and Glassman also admit that they are themselves employers under Title VII, because the definition of employer includes "any agent." But they argue that as they are not alleged to have harassed the plaintiff, they may not be held liable under *respondeat superior*, as would the city.

In essence, Parkins and Glassman seek to draw the distinction that while the institutional Title VII employer is liable under certain circumstances on a *respondeat su-*

*perior* basis, a supervisory individual who qualifies as a Title VII employer is not a proper defendant unless he is alleged to have personally harassed the plaintiff. Indeed, the court in *Hendrix v. Fleming Companies*, 650 F.Supp. 301 (W.D.Okl. 1986), drew just this distinction. The *Hendrix* court found that the named individual defendants had "the requisite managerial control/authority to bring [them] within the definition of employer." *Id.* at 302. Nonetheless, the court rejected the imposition of individual liability under Title VII, because "actual misfeasance, as opposed to non-feasance, is necessary for individual liability under Title VII." *Id.* at 303.

The *Hendrix* court acknowledged the "unclear" status of individual liability under Title VII, and ascribed the lack of cases on point to the fact that "the remedies sought under Title VII—reinstatement with or without back pay—do not apply to individual, as opposed to institutional, defendants." *Id.* Indeed, the Fifth Circuit has concluded that a public official may not be held personally liable for backpay under Title VII. *Clanton v. Orleans Parish Schcol Bd.*, 649 F.2d 1084, 1099 (5th Cir. 1981). But individual government officials may be liable for backpay in their official capacities where they are found to have personally participated in a discriminatory action. *Williams v. City of Montgomery*, 742 F.2d 586 (11th Cir.1984), *cert. denied*, 471 U.S. 1005, 105 S.Ct. 1868, 85 L.Ed.2d 161 (1985).

The answer to this apparent riddle is found in the common law of *respondeat superior*. As Parkins and Glassman correctly state, their liability is predicated upon a finding that their status as Title VII employers makes them liable under *respondeat superior* to the same extent as the institutional Title VII employer. The institutional employer is liable if it "knew or should have known of the harassment in question and failed to take prompt remedial action." *Henson v. City of Dundee*, 682 F.2d 897, 905 (11th Cir.1982).

But the common law of *respondeat superior* is inapplicable "to the liability of another employee who happens merely to be

the supervisor, but not the employer, of the employees who commit the tort." *McKinnon v. City of Berwyn,* 750 F.2d 1383, 1390 (7th Cir.1984) (Posner, J.). "The common law does not hold a superior strictly liable for the torts of the employees he supervises, so it is no surprise that supervisor strict liability is rejected in section 1983 cases." *Id.* Applying this reasoning to the Title VII context, the Court finds that although Parkins and Glassman are employers within Title VII's definition of that term, the doctrine of *respondeat superior* does not make them vicariously liable for the acts of those who work under them. Consequently, in the absence of allegations of personal misfeasance or harassment on their part, they are improperly named as defendants in this action. Thereupon, defendants' Parkins and Glassman motion to dismiss be, and the same is, hereby GRANTED, without prejudice.

### Motion to strike

The city has moved to strike certain exhibits and allegations in the complaint. In response, the plaintiff has conceded that neither compensatory nor punitive damages are available under Title VII. Thereupon, the city's motion to strike plaintiff's claims of compensatory and punitive damages be, and the same is, hereby GRANTED. The city also seeks to strike any references to alleged discrimination against other female police officers, but these allegations are not inappropriate given plaintiff's claim of an offensive work environment. Finally, the city also seeks to strike various other allegations and exhibits to the complaint as scandalous, impertinent and/or immaterial. But the Court finds that these matters are relevant to plaintiff's claims. Thereupon, the remainder of the city's motion to strike be, and the same is, hereby DENIED.