PER CURIAM.
Appellant, Larry Tudor, appeals the trial court’s final order dismissing with preju *1243 dice his negligence action against the Florida Department of Law Enforcement (FDLE). The allegations of the complaint sound in negligence, predicated on FDLE’s failure to comply with a 1991 court order directing FDLE to expunge appellant’s criminal history records. We affirm.
FDLE’s failure to comply with the 1991 court order gave appellant the right to return to the trial court for enforcement of the order to expunge, and to request compensatory sanctions for any economic losses which appellant was able to prove he sustained as a result of FDLE’s non-compliance. See Parisi v. Broward County, 769 So.2d 359 (Fla.2000); Johnson v. Bednar, 573 So.2d 822, 824 (Fla.1991). However, we do not believe that the agency’s failure to comply with a court order gives rise to a common law negligence action such as has been put forward by appellant in this case. The parties have been unable to provide legal authority directly addressing this concept, and our independent research has failed to disclose authority for such principle.
Accordingly, the trial court’s order of dismissal with prejudice is affirmed.
JOANOS, LAWRENCE and VAN NORTWICK, JJ., CONCUR.