NESBITT, Senior Judge.
The appellant, claimant below, appeals an order dismissing his complaint for invasion of privacy against the Florida Department of Law Enforcement. For the reasons set forth below, we affirm.
In the first place the defendant has failed to comply with the notice provisions of Section 768.28(6)(a), Florida Statutes (2002), requiring proper, timely notification to the Department of Insurance as well as the Department • of Law Enforcement. Wemett v. Duval County, 485 So.2d 892 (Fla. 1st DCA 1986).
Next, it is the duty of Florida Department of Law Enforcement to gather criminal records and histories and all pertinent data regarding perpetrators. Here, matters which had given rise to such a report concerning appellant occurred in the 1970’s, and there was a court order directing FDLE to seal and expunge the defendant’s records. Nevertheless, due to an error, the records were subsequently included among the criminal histories posted on the FDLE’s web site. In February 2001, WPLG Channel 10 aired reporter Gilda Unruh’s story referring to the appellant as the “Teflon teacher.” The report was based, in part, on information that was obtained from the FDLE’s web site. Pri- or to the airing of the report FDLE had expressly advised the station and the reporter that it was under a court order to expunge claimant’s record and requested that the information not be used, but, nonetheless, the station aired the report.
The trial court correctly held that the claimant could not state a cause of action for invasion of privacy, as a matter of law, because the information allegedly disseminated by FDLE constituted a matter of legitimate public interest or concern. Cape Publications, Inc. v. Hitchner, 549 So.2d 1374, 1377 (Fla.1989) (The right to privacy does not prohibit the publication of matter which is of legitimate public concern).
Moreover, FDLE’s failure to have properly and completely complied with the court order of expungement did not give rise to an independent cause of action. Tudor v. State Dep’t of Law Enforcement, 768 So.2d 1242 (Fla. 1st DCA 2000). We agree with the Tudor court that appellant’s remedy is the right to return to the trial court which ordered the records expunged to seek compensatory damages for economic losses which the defendant is able to establish as a result of FDLE’s non-compliance. Such damages would be in the nature of civil compensation for violation of an injunction. Fla. Jur.2d, Injunctions § 104; National Exterminators, Inc. v. Truly Nolen, Inc., 86 So.2d 816 (Fla.1956).
Affirmed, without prejudice to the right to seek damages from the trial court which ordered the records expunged.